UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL MATHENY,                                          Case No.12 CV 4283 (DLC)

        Plaintiffs,                              **COMPLAINT**
                                                **JURY DEMAND**
-against-

THE CITY OF NEW YORK, THE NEW                          **ECF CASE**
YORK CITY POLICE DEPARTMENT
and POLICE OFFICER HARRY
 BONHOMME, (shield #028127),

        Defendants.
------------------------------------------------------------X

       Plaintiff, by his attorney STEVEN C. RAUCHBERG, P.C., as for his complaint against the defendants respectfully sets forth as follows:

## **JURISDICTION**

    1.    This action is brought pursuant to 42 U.S.C. Sec.'s 1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sec.'s 1331 and 1341 (3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## **PARTIES**

    2.    Plaintiff is at all times hereinafter relevant, a resident of Bronx County, City and State of New York.

    3.    That defendant, THE CITY OF NEW YORK, (hereinafter "CITY"), and THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD") are municipal corporations,

1

duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the County and City of New York.

4.      That defendant CITY is responsible for the practices, policies and customs of the NYPD, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the NYPD.

5.      That defendants HARRY BONHOMME (hereafter "Bonhomme") was an employee of the aforementioned defendants.

6.      That defendant, BONHOMME was acting pursuant to the direction of defendants, NYPD and CITY, and in furtherance of the scope of his employment and acting under color of law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY, and NYPD..

## INTRODUCTION

7.      This action is commenced by the plaintiff for money damages against defendants for committing acts under color of law and depriving the plaintiff PAUL MATHENY of his civil rights secured by the Constitution and laws of the United States and the State of New York.

8.      Plaintiff alleges that defendants assaulted, physically detained, falsely arrested, falsely imprisoned, harassed him and subjected him to excessive physical force, all in violation of plaintiff's constitutional civil rights.

9.      Plaintiff alleges that defendants were negligent in training, hiring and supervising defendant officers, thus leading to the unjustified assault, physical detention, false arrest and false imprisonment of the plaintiff.

## FACTUAL ALLEGATIONS

10. That Plaintiff, PAUL MATHENY, was not guilty of any criminal acts.

11. That on or about August 18, 2011, plaintiff PAUL MATHENY an African American male, was lawfully standing in front of or near 1323 College Avenue, Bronx, New York.

12. That on that date and at that location plaintiff PAUL MATHENY was working with "Jay", unloading drywall for use at 1323 College Avenue, Bronx, New York.

13. That POLICE OFFICER HARRY BONHOMME approached plaintiff at that location and conducted a search of plaintiff's possessions in the presence of plaintiff's employer/co-worker.

14. That POLICE OFFICER HARRY BONHOMME grabbed the plaintiff by the arm and handcuffed him in the presence of plaintiff's employer/co-worker.

15. That on August 18, 2011 POLICE OFFICER HARRY BONHOMME arrested the plaintiff for the sale of a controlled substance that allegedly took place on August 17, 2011 in front of 1323 College Avenue, Bronx, New York.

16. That the plaintiff was subjected to great humiliation, embarrassment and emotional distress.

17. That the plaintiff was brought to the 44th Precinct where he was fingerprinted, processed, photographed and detained.

18. That defendants arrested plaintiff for criminal sale of a controlled substance and criminal possession of a controlled substance and assigned his matter docket number 2011BX046258.

19. That at the time of the arrest plaintiff denied involvement in a drug transaction which allegedly took place in front of 1323 College Avenue, Bronx, New York on August 17, 2011.

20. That at the time of the arrest plaintiff did not possess a controlled substance and was not seen by POLICE OFFICER HARRY BONHOMME to conduct the sale of a controlled substance.

21. That the plaintiff was detained and deprived of his freedom through August 23, 2011.

22. That the only time plaintiff spent in front of 1323 College Avenue, Bronx, New York on August 17, 2011 was during a brief conversation between him and a child who went to school with the plaintiff's god daughter, and the child's mother.

23. That the criminal case against the plaintiff was never brought before a grand jury.

24. That on or about October 11, 2011, the plaintiff appeared in Bronx County Criminal Court and the aforementioned criminal case against the plaintiff was dismissed.

**AS AND FOR A FIRST CAUSE OF ACTION FOR
VIOLATION OF CIVIL RIGHTS**

25. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from

unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

27.     As a result of the aforesaid violation of plaintiff's rights, plaintiff sustained damages as previously described in this complaint.

28.     By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and was otherwise damaged and injured in the sum of $1,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

29.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

31.     As a result of the aforesaid, plaintiff sustained the damages previously described in this complaint.

32.     By reason of the foregoing, plaintiff was damaged in the sum of $1,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

35.     As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

36.     By reason of the foregoing, plaintiff was damaged in the sum of $1,000,000.00.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE ARREST AND FALSE IMPRISONMENT

37.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.     At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

39.     The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

40.     As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

41.     By reason of the foregoing, plaintiff was damaged in the sum of $1,000,000.00.

**WHEREFORE**, the plaintiff demands judgment against the Defendants:

a) In the first cause of action in the sum of $1,000,000.00;

b) In the second cause of action in the sum of $1,000,000.00;

c) In the third cause of action in the sum of $1,000,000.00;

d) In the fourth cause of action in the sum of $1,000,000.00;

and for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
       May 30, 2012

                       STEVEN C. RAUCHBERG, P.C.

                       _____/s_____
                       By: Steven Rauchberg, Esq. (SR 0745)
                       350 Fifth Avenue, Suite 2811
                       New York, NY 10118
                       (212) 971-9090

                       Attorney for Plaintiff